IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLARA S. NUTTALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 C 2744 |
| | ) | |
| PRESIDENTIAL PAVILION, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Presidential Pavilion, LLC's (Presidential) motion for summary judgment. For the reasons stated below, the motion for summary judgment is granted.

## BACKGROUND

In January of 2010, Plaintiff Clara Shenell Nuttall (Nuttall) was allegedly employed by Presidential as a Dietary Aide. Nuttall contends that beginning on January 25, 2010 and continuing through January 30, 2010, she was subjected to harassment based on her national origin, sex, and disability. Nuttall claims that during the five days in question her supervisor, Michelle Holloway (Holloway) called Nuttall names and made derogatory comments about the quality of her work.

1

Holloway also allegedly grabbed utensils from Nuttall's hand and shut a door in Nuttall's face. It is undisputed that after Nuttall complained about the alleged harassment, she requested a transfer and was reassigned to a new position where she actually earned more money. Nuttall allegedly worked in that position until her employment was terminated in April 2012. Nuttall contends that the termination of her employment constituted unlawful discrimination. Nuttall includes in her complaint a claim alleging discrimination based on her national origin in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.*, a Title VII sex discrimination claim, a Title VII hostile work environment claim, a claim alleging discrimination based on an alleged disability in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, and an ADA hostile work environment claim. Presidential moves for summary judgment on all claims.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" of material fact in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue

2

of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

**DISCUSSION**

I.  Hostile Work Environment Claims

Presidential moves for summary judgment on the hostile work environment claims. Under the protections provided by Title VII, an employer is barred from creating a "hostile work environment." *Orton-Bell v. Indiana*, 2014 WL 3566338, at *4-*5 (7th Cir. 2014). To defeat a defendant's motion for summary judgment on a hostile work environment claim, a plaintiff must establish: (1) that "the work environment [was] both subjectively and objectively offensive," (2) that the protected characteristic was "the cause of the harassment," (3) that "the conduct [was] severe or pervasive," and (4) that "there [is] a basis for employer liability." *Id.* at *5 (internal quotations omitted)(quoting *Chaib v. Indiana*, 744 F.3d 974, 985 (7th Cir. 2014)). As to Nuttall's ADA hostile work environment claim, the Seventh Circuit has not yet recognized such a claim and this court declines to do so as well.

3

*See Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 603 (7th Cir. 2009)(stating that the Court has "not decided whether allowing a hostile work environment is actionable under the ADA"); *Latham v. Donahue*, 2014 WL 1876145, at *4 (N.D. Ill. 2014)(stating that "[t]he Seventh Circuit has not expressly decided whether a hostile work environment claim exists under the Rehabilitation Act or the ADA"). The court notes, however, that regardless of whether Nuttall's ADA hostile work environment claim were deemed to be a cognizable claim, Presidential is entitled to prevail as a matter of law.

Presidential argues that Nuttall has failed to point to sufficient evidence of a hostile work environment. The court notes that in opposition to the motion for summary judgment, Nuttall fails to offer any arguments in support of her hostile work environment claim. Nuttall fails to even reference her hostile work environment claims in response to the instant motion. *See Nichols v. Michigan City Plant Planning Dept.*, 755 F.3d 594, 600 (7th Cir. 2014)(stating that "[t]he non-moving party waives any arguments that were not raised in its response to the moving party's motion for summary judgment"). Based on Nuttall's filings, it appears that Nuttall believes that her hostile work environment claim is the same as her Title VII discrimination claim. Nuttall argues, for example, in support of her Title VII discrimination claims that conduct by Holloway was "consistent" and "pervasive." (Ans. SJ 6). However, a Title VII hostile work environment claim and a Title VII discrimination claim are distinct claims, subject to different standards under case law. *See, e.g., Orton-Bell*, 2014 WL 3566338 at *4-*7 (addressing a

4

hostile work environment claim and a discrimination claim separately); *Nichols*, 755 F.3d at 600-04 (same); *Chaib*, 744 F.3d at 981-85 (same).

In the instant action, in support of her hostile work environment claims, Nuttall asserts that certain isolated comments were made to her during a limited five-day period in 2010. Nuttall also contends that on one occasion utensils were snatched from her hands and that a door was slammed in her face. (Nutt. Aff. Par. 15-16). Nuttall has not pointed to evidence to show that she suffered any physical harm or was in any danger of a physical injury. Pursuant to Local Rule 56.1, Nuttall admits that after she complained about Holloway's alleged conduct, Presidential asked Nuttall if she would like a transfer, and when Nuttall responded in the affirmative, Presidential immediately transferred Nuttall to the Housekeeping department where Nuttall would not be supervised by Holloway. (R SF Par. 32); (Nutt. Aff. Par. 25). Nuttall also admits that at her new assignment, she received "more hours," which was "better for" her because "she made more money," and that she was "better off in Housekeeping." (R SF Par. 32). Nuttall admits that after the alleged comments by Holloway during a limited five-day period, Nuttall "never ran into Holloway or had any interaction with her," and that "everything was fine for over two years after her transfer from Dietary to Housekeeping." (R SF Par. 32). Nuttall has not pointed to evidence to show that the alleged harassment was severe or pervasive. Nor has Nuttall pointed to sufficient evidence to show that the cause of the comments allegedly made by Holloway was Nuttall's sex, national origin, or alleged disability. Therefore, Presidential's motion for summary judgment on the

hostile work environment claims is granted.

## II. Title VII Discrimination Claims

Presidential moves for summary judgment on the Title VII discrimination claims.

### A. Scope of EEOC Charge

Nuttall failed to assert discrimination based on her sex or national origin in her charge filed with the Equal Employment Commission (EEOC). In general, a plaintiff cannot pursue a Title VII claim in federal court if the claim was not asserted in the plaintiff's EEOC charge. *Moore v. Vital Products, Inc.*, 641 F.3d 253, 256-57 (7th Cir. 2011). A plaintiff can pursue a Title VII claim that was not specifically referenced in the EEOC charge if the claim is "like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations." *Id.* (internal quotations omitted)(quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976)).

In the instant action, Nuttall has attached her EEOC charge to her complaint. In the EEOC charge, Nuttall alleges that she was subjected to "harassment, beginning on or about January 25, 2010 and continuing through January 30, 2010, because of [her] national origin. . . ." (EEOC 1). Nuttall further alleges that she was subject during those five days to "harassment" because of her sex and alleged disability (EEOC 2-3). Nuttall admits that the only adverse employment action that

she is asserting in this case is her termination in April 2012. (R SF Par. 69).

Nowhere in her EEOC charge does Nuttall allege that she suffered any adverse employment action or even mention her termination. In fact, Nuttall could not have mentioned her termination because at the time she filed the EEOC charge, her employment had not yet been terminated. Nuttall has not submitted any documentation to the court that shows that she filed any supplemental EEOC charge. Thus, the separate Title VII discrimination claims relating to the termination of Nuttall's employment were not referenced in her EEOC charge. Nor do the entirely distinct discrimination claims reasonably relate to the allegations in her EEOC charge. Thus, Nuttall cannot proceed on a Title VII discrimination claim in this case.

B. Direct and Indirect Methods of Proof

Even if Nuttall had included allegations relating to unlawful discrimination under Title VII in her EEOC charge, Nuttall cannot succeed under the direct or indirect method of proof. A plaintiff seeking to defeat a defendant's motion for summary judgment on a Title VII discrimination claim may proceed under the direct or indirect method of proof. *Langenbach v. Wal-Mart Stores, Inc.*, 2014 WL 3805439, at *6 (7th Cir. 2014). Under the direct method of proof, a plaintiff can point to direct evidence "explicitly linking an adverse employment action to an employer's discriminatory animus," and to "circumstantial evidence that would permit the trier of fact to infer that discrimination motivated the adverse action. . . ." *Morgan v. SVT, LLC*, 724 F.3d 990, 995 (7th Cir. 2013)(stating that "[i]n order to

7

illustrate the idea that the circumstantial evidence, taken as a whole, must permit that inference, we have used the metaphor of a mosaic whose individual tiles add up to a complete picture"). Under the indirect method of proof, a plaintiff must first establish a *prima facie* case by showing: (1) that "the employee is a member of a protected class," (2) that "she was meeting the employer's legitimate expectations," (3) that "she suffered an adverse employment action," and (4) that "similarly situated employees outside of the protected class were treated more favorably." *Langenbach*, 2014 WL 3805439. If the plaintiff establishes a *prima facie* case, the burden shifts to the employer to provide a legitimate non-discriminatory reason for its action, and if the employer provides such a reason, the burden shifts back to the plaintiff to show that the employer's reason is a pretext for unlawful discrimination. *Cung Hnin v. TOA (USA), LLC*, 751 F.3d 499, 504 (7th Cir. 2014).

Nuttall has not pointed to sufficient direct or circumstantial evidence to proceed under the direct method of proof on her Title VII discrimination claims. In regard to the indirect method of proof, Nuttall has failed to establish a *prima facie* case. As to Nuttall's Title VII national origin discrimination claim, pursuant to Local Rule 56.1, Nuttall, apparently abandoning such claim, expressly and unequivocally admits that she "was not discriminated against because of her National Origin." (R SF Par. 68).

### 1. Adverse Employment Action

As to Nuttall's Tile VII sex discrimination claim, as indicated above, Nuttall

admits that the only adverse employment action that she is asserting in this case is her termination in April 2012. (R SF Par. 69). Nuttall has not pointed to evidence showing that her transfer to the Housekeeping department resulted in a negative material alteration of her income, benefits, or job conditions. In fact, it is undisputed that her voluntary transfer resulted in better benefits to Nuttall. Nor has Nuttall pointed to any evidence showing that she suffered any other adverse employment action other than the termination of her employment.

### 2. Similarly-Situated Employees

Nuttall has failed to point to similarly-situated employees who were treated more favorably. Nuttall asserts that Holloway treated other male employees with the first names of Cephus, Dale, and Derrick more favorably. (Nutt. Aff. Par. 28); (Ans. SJ 7, 9). However, in order for an employee to be similarly-situated, the employee "must be directly comparable to the plaintiff in all material aspects. . . ." *Langenbach*, 2014 WL 3805439, at *6 (stating that a similarly-situated employee "need not be identical in every conceivable way")(internal quotations omitted)(quoting *Coleman v. Donahoe*, 667 F.3d 835, 846 (7th Cir. 2012)). The Seventh Circuit has indicated that one factor that courts should consider in making the similarly-situated assessment when an employee is fired due to a disciplinary issue is whether the employees had a similar disciplinary history. *Eaton v. Indiana Dept. of Corrections*, 657 F.3d 551, 559 (7th Cir. 2011). In the instant action, Presidential contends that it terminated Nuttall's employment only after she had

repeatedly failed to show up for work and failed to call in and notify Presidential that she was not coming in. As to the male employees that Nuttall claims were treated more favorably than her, Nuttall admits that, although she was given an opportunity to conduct discovery in this case, she does not know the disciplinary history of such comparators. (R SF Par. 42-44). Nuttall thus, has failed to meet her similarly-situated employee requirement for her *prima facie* case.

    3. Pretext

Even if Nuttall had established a *prima facie* case, she has failed to point to sufficient evidence to show pretext based on her sex. Nuttall does not dispute that her alleged harasser, who she contends discriminated against Nuttall because she is a woman, is herself a woman. (Ans. SJ 4). Nuttall also admits that she believed that Holloway treated "every other female" better than she treated Nuttall. (R SF Par. 42). Such facts suggest a personal dispute between Holloway and Nuttall rather than an animus against Nuttall because of her sex.

Nuttall also admits that after the alleged conduct by Holloway, Nuttall was immediately transferred to a new position where Nuttall actually earned more money and where Nuttall believes she was "better off. . . ." (R SF Par. 32). Nuttall further admits that she subsequently worked for two years without any incident of harassment or discrimination and that "everything was fine for over two years after her transfer from Dietary to Housekeeping." (R SF Par. 32). Such facts do not indicate an intent by Presidential to unlawfully discriminate against Nuttall. Finally,

the most glaring evidentiary hole in Nuttall's theory of discrimination in this case is that the sole alleged conduct relating to Nuttall's sex was conduct by Holloway in the limited five-day period in 2010. In support of her Title VII sex discrimination claim, Nuttall argues that she must establish that Holloway "treat[ed] her differently from other employees" and that such conduct "was motivated by an impermissible purpose; [Nuttall's] sex." (Ans. SJ 4). Nuttall contends that based on her claims of harassment by Holloway, Nuttall has shown that Holloway "discriminated against" Nuttall. (Ans. SJ 6). However, the sole adverse employment action at issue for the Title VII discrimination claims is the termination of Nuttall's employment. Nuttall has not pointed to any evidence showing that Holloway had any authority or involvement in the decision to terminate Nuttall two years later from a position in a department where Holloway was not a supervisor. Thus, evidence concerning Holloway's alleged conduct in 2010 when Nuttall worked for another department is not compelling evidence that shows that Presidential terminated Holloway's employment two years later for an unlawful reason. Presidential correctly points out that Nuttall has not even pointed to evidence showing that Holloway was the decisionmaker regarding Nuttall's transfer to the Housekeeping department much less the decision to terminate Nuttall's employment. Nuttall has failed to point to evidence that would indicate that her termination was the result of any animus against her because of her sex.

Nuttall argues that she did call a receptionist on the days when Presidential contends she failed to call into work. However, whether Presidential made a mistake

11

and whether or not Nuttall disagrees with the wisdom of Presidential's decisions is not a determinative issue in this case. *See Johal v. Little Lady Foods, Inc.*, 434 F.3d 943, 946-47 (7th Cir. 2006)(stating that it is not the Court's "role to question the wisdom of a company's decisions on how to run its business, only to assure that such decisions are not intended to provide cover for illegal discrimination"); *Healy v. City of Chicago*, 450 F.3d 732, 742 n.12 (7th Cir. 2006)(stating that the Court "do[es] not sit as a superpersonnel department where disappointed applicants or employees can have the merits of an employer's decision replayed to determine best business practices")(internal quotations omitted)(quoting *Blise v. Antaramian*, 409 F.3d 861, 868 (7th Cir. 2005)). Nuttall has thus failed to show that the given reason for her termination was a pretext. Based on the above, Presidential's motion for summary judgment on the Title VII discrimination claims is granted.

III. ADA Discrimination Claim

Presidential moves for summary judgment on the ADA discrimination claim. A plaintiff seeking to defeat a defendant's motion for summary judgment on an ADA discrimination claim may proceed under the direct or indirect method of proof. *Bunn v. Khoury Enterprises, Inc.*, 753 F.3d 676, 685 (7th Cir. 2014).

A. Scope of EEOC Charge

As indicated above in regard to the Title VII discrimination claims, Nuttall failed to include any allegations relating to unlawful discrimination in her EEOC

Charge. Nuttall failed to include any allegations in her EEOC charge relating to discrimination based on her alleged disability. Thus, Nuttall is barred from pursuing an ADA discrimination claim in this case.

### B. Direct and Indirect Methods of Proof

Even if Nuttall had included allegations relating to unlawful discrimination under the ADA in her EEOC charge, Nuttall cannot succeed under the direct or indirect method of proof. The same direct method and indirect method of proof that are used with Title VII discrimination claims are utilized for ADA discrimination claims. *Bunn*, 753 F.3d at 685 (listing three elements for direct method of proof). To establish a *prima facie* case under the indirect method of proof for an ADA discrimination claim, a plaintiff must establish: (1) that [s]he is disabled under the ADA[,] (2) that [s]he was meeting h[er] employer's legitimate expectations[,] (3) that [s]he suffered an adverse employment action[,] and (4) that similarly situated employees without a disability were treated more favorably." *Id.* at 685. If the plaintiff establishes a *prima facie case*, "the burden shifts to the employer to produce a legitimate, non-discriminatory reason for the adverse employment action," and if one is produced," the plaintiff "must prove by a preponderance of the evidence that the employer's stated reason is a lie." *Id.*

Nuttall has not pointed to sufficient direct or circumstantial evidence to proceed under the direct method of proof. As to the indirect method of proof, Nuttall has failed to show that similarly-situated employees outside her protected class were

treated more favorably. Nuttall points to certain employees whom she believes were treated more favorably. (Nutt. Aff. Par. 28-30). However, Nuttall admits that she does not know if any of such employees were disabled. (R SF Par. 42-43). Thus, Nuttall has not shown that such employees were outside the protected class. Even if Nuttall were able to establish a *prima facie* case, Nuttall has not pointed to sufficient evidence to show a pretext. The evidence shows that after the alleged comments by Holloway, Presidential did not terminate Nuttall's employment. Instead, Nuttall was transferred to another position where she worked without harassment or discrimination for the next two years. Nuttall has not pointed to evidence that would indicate that Presidential's reason for terminating Nuttall's employment was a pretext for unlawful discrimination. Therefore, Presidential's motion for summary judgment on the ADA discrimination claim is granted.

IV. Retaliation Claims

Nuttall asserts in response to the instant motion for summary judgment that she "suffered retaliation in 2012" when her employment was terminated. (Ans. SJ 10). However, Nuttall has not pled a Title VII or ADA retaliation claim. While Nuttall was not required to plead legal theories in her complaint, she failed to even allege in her facts that her employment was terminated because she filed a complaint against her employer. Rather, Nuttall merely asserts that Presidential "discharged her because it regarded her as disabled and because she had a record of a disability." (Compl. Par. 13). Nor did Nuttall assert any allegations of retaliation in her EEOC

charge or submit documentation showing that she has supplemented her EEOC charge. Nuttall herself recognizes that she has not pled a retaliation claim at this juncture. Nuttall states in her response to the instant motion for summary judgment that she "will seek leave of this Court to amend her original complaint to add a Count for Retaliation." (Ans. SJ 10). Thus, there are currently no retaliation claims asserted by Nuttall in this case.

As to Nuttall's indication that at some unidentified time in the future she "will seek" leave to amend her complaint, while leave to amend generally should be freely given, it is not an absolute right, particularly when there is undue delay or it will prejudice the defendant. Fed. R. Civ. P. 15(a); *Carmody v. Board of Trustees of University of Illinois*, 747 F.3d 470, 480 (7th Cir. 2014)(stating that "[i]n general, a district court should freely give leave to amend to cure curable defects, at least where there is no undue delay or undue prejudice to the opposing party, but the court can reasonably expect a party asking for an opportunity to amend to identify how he proposes to cure the defects"). Nuttall was terminated and this case was initiated over two years ago in April of 2012. There is no indication that the prior judge in this case granted leave to allow Nuttall to amend her complaint. This case was reassigned to the undersigned judge in April 2014, over four months ago, and no motion was filed by Nuttall seeking leave to amend her complaint before the undersigned. It is now the summary judgment stage and the record reflects that Nuttall has unduly delayed in bringing such a motion. In addition, Presidential contends that it has proceeded in this case based on Nuttall's own pleading which did

15

not include a retaliation claim. Presidential has shown that at this late stage of the proceedings it would be prejudiced if Nuttall is allowed to amend her complaint.

## CONCLUSION

Based on the foregoing analysis, Presidential's motion for summary judgment is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 9, 2014